4

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST WHITNEY, Relator, *v.* ERNEST H. BLANCHARD, as Sheriff of Schenectady County Jail, at Schenectady, New York, Respondent.

County Court, Schenectady County, February 7, 1939.

*Ernest Whitney,* in person.

*Bernard L. Alderman, Assistant Attorney-General,* for Frederick A. Moran, Commissioner of Parole.

LIDDLE, J. Relator is before this court on a writ of habeas corpus issued by the HON. ELLSWORTH C. LAWRENCE, justice of the Supreme Court, who made it returnable before me on the 31st day of January 1939.

The relator was received in Clinton Prison at Dannemora on December 10, 1929, convicted of the crime of robbery, second degree, for which he was sentenced on December 3, 1929, to an indeterminate sentence the minimum of which was five years and the maximum fifteen years. As it appears the time under which this sentence began was November 23, 1929, when relator was arrested. He was received at Clinton Prison December 10, 1929.

While serving this sentence and on December 29, 1932, the relator escaped from Great Meadow Prison, Comstock, where he had been prisoner.

Relator was convicted of this escape from Great Meadow and on January 31, 1933, was sentenced on this felony to a definite term of four years and was thereupon returned to Great Meadow.

It appears that relator has served his minimum sentence on the robbery, second degree, charge. The expiration of this minimum sentence of five years was November 24, 1934, less such time as earned pursuant to the Correction Law and as fixed by the Board of Parole and by the Governor's commutation. Relator appeared before the Parole Board pursuant to its order while serving this minimum sentence and was ordered by the Board to begin serving the escape sentence March 12, 1934, which was after relator served his complete minimum sentence under the robbery, second degree, charge. It appears that relator was released by the Parole Board on parole from this sentence on or about April 29, 1937.

Since this time relator has been, pursuant to the order and orders of the Parole Board, returned to Great Meadow for legal violations of parole and while on parole and released but not discharged and now, by order of the Parole Board, he is being detained by Ernest H. Blanchard, sheriff of the county of Schenectady, in the Schenectady county jail on a bench warrant for further and additional violations. The date of the expiration of the maximum sentence pursuant to the judgment of the court on the robbery, second degree, charge, would be approximately November 23, 1944.

The relator now contends that he is being illegally detained and imprisoned by order of the Board of Parole in the custody of the sheriff of the county of Schenectady for the reason that when said Board of Parole ordered him to commence the service of his definite sentence for escape of four years, his indeterminate sentence on the robbery, second degree, charge of from five to fifteen years terminated.

[redacted]

Relator relies on subdivisions 2 and 3 of section 2190 of the Penal Law to sustain his contention and especially urges the court that because the Parole Board required him to serve a sentence of four years for escape, before the termination of the maximum sentence for robbery, second degree, was terminated, he should be immediately discharged. If these contentions of relator be correct he is entitled to immediate discharge.

However, I cannot find how I can conscientiously agree with this contention.

The Board of Parole has at no time unconditionally released or legally discharged relator from its custody. Neither could the Parole Board do so until the termination of the maximum sentence and judgment of the court upon the robbery, second degree, sentence is fully complied with. (See Penal Law, § 2188; Code Crim. Proc. §§ 470-a, 487.)

The question seems to be as to when the relator's maximum sentence on the robbery, second degree, charge terminates.

As Justice ERSKINE C. ROGERS, in a similar proceeding, held before him in *Matter of People ex rel. Cameron* v. *Wilson* on January 29, 1938 (unreported), correctly states: " The use of the word ' terminate ' is perplexing, because it is ordinarily considered that a term that is ' terminated ' is over and done for. However, when the words ' for such purposes only ' are read in connection with the word ' terminated,' it is palpable that the Legislature did not intend to permit the cancellation and termination of the balance of an indeterminate sentence by making it possible for service on the second sentence to start." Further, the Governor, in his commutation of a violation of relator's robbery sentence, under his hand and seal, dated February 26, 1934, specifically states: " In addition to above sentence this man [meaning Whitney] has another sentence of four years for escape which he is to start serving at expiration of above."

It further appears conclusively that the requirement of the service of the sentence for escape of four years does not increase the punishment of relator. On the contrary, it inures to the benefit of relator, and at the termination of the maximum sentence of robbery, second degree, relator must be discharged, for during the interim of this judgment and sentence he has been permitted to serve his escape sentence. The relator has, therefore, failed to satisfy the judgment of the court under his maximum sentence on the robbery, second degree, charge. He is still within the jurisdiction and authority of the judgment of the court which pronounced a valid sentence, and, consequently, under the continuing power and authority of the Parole Board, whose duty it is to

enforce that judgment and sentence, pursuant to the statute made and provided, and relator is now legally and lawfully in the custody of Ernest K. Blanchard, sheriff of the county of Schenectady, awaiting the arrival of the officers of the Board of Parole.

I can arrive at no other conclusion. The writ should, therefore, be dismissed and the relator remanded to the custody of the sheriff of the county of Schenectady.